LAND, J.
 

 The wife of relator separated from him, and, during the separation, leased
 
 *1025
 
 to plaintiff a small tract of land, which constituted her separate estate. At the date of this lease relator was in possession of the property, with about eight acres in cultivation, and had made some improvements upon same.
 

 The plaintiff, as tenant of relator’s wife, instituted summary proceedings against relator in the district court of Madison parish, and obtained judgment against him, ordering the vacation of the leased premises within 24 hours, and decreeing forcible ejectment by the sheriff upon failure to comply with the judgment.
 

 Relator filed an exception of no right or cause of action, which was overruled, and judgment was rendered on the merits.
 

 A review of these proceedings under our supervisory jurisdiction is sought by relator, who prays for judgment directing respondent judge to dismiss the suit against him as unauthorized by law, and for the further reason that the petition discloses no right or cause of action.
 

 1.We know of no law authorizing a tenant to bring ejectment proceedings against a person holding adverse possession of the property leased.
 

 It is the duty of the lessor to deliver the thing to the lessee and to cause the lessee to be maintained in peaceable possession of the thing during the continuance of the lease. R. O. O. art. 2602.
 

 Section 2155 of the Revised Statutes, as amended by Act 49 of 1918, confers upon the landlord or lessor the right to obtain possession of the leased premises, where a contract of lease has been entered into and has terminated, either by limitation or by nonpayment of the rent when due, or by any other breach of the lease.
 

 No contract of lease exists between the plaintiff and the relator in this case, and plaintiff is therefore clearly without authority or right in law to institute the present proceedings.
 

 A tenant, when disturbed even in the actual possession of real estate, or even when expelled, is not entitled to a possessory action, but must look to his lessor for relief. C. P. art. 48.
 

 It is therefore ordered that the judgment herein rendered be avoided, and that plaintiff’s suit be dismissed, at his cost. It is further ordered that plaintiff pay the costs of this proceeding.